IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.   24-CR-114-LJV

ANDREW CLEMENTS a/k/a Tiger,

Defendant.

---

## PLEA AGREEMENT

The defendant, ANDREW CLEMENTS a/k/a Tiger, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a two-count Information, which charges:

   a. In Count 1, a violation of Title 21, United States Code, Section 846 (narcotics conspiracy) for which the maximum possible sentence is a term of imprisonment of 20 years and a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life; and

   b. In Count 2, a violation of Title 18, United States Code, Section 922(g)(3) (unlawful user of a controlled substance in possession of a firearm), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 2 years.

   c. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1: Narcotics Conspiracy

a.  That an agreement existed between two or more persons to commit a controlled substance felony offense;

b.  that the defendant knew of the existence of the agreement; and,

c.  that the defendant intended to participate in the unlawful agreement.

### Count 2: Unlawful User of a Controlled Substance in Possession of Firearms

a.  The defendant knowingly possessed a firearm, as charged in the Information;

b.  that at the time the defendant possessed the firearm, the defendant was an unlawful user of a controlled substance as defined in 21 U.S.C. Sec. 802;

c.  that at the time the defendant possessed the firearm, the defendant knew that he was an unlawful user of a controlled substance as defined in 21 U.S.C. Sec. 802; and,

d.  that the possession of the firearm was in or affecting interstate or foreign commerce.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. Beginning on or about October 11, 2023, the exact date being unknown, and continuing until on or about October 30, 2023, in the Western District of New York, the defendant, ANDREW CLEMENTS a/k/a Tiger, did knowingly and intentionally combine, conspire, and agree, with Jessica Leyland, and others known and unknown, to commit the following offense, that is, to possess with intent to distribute, and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846; and, on or about October 30, 2023, in the Western District of New York, the defendant, ANDREW CLEMENTS a/k/a Tiger, then being an unlawful user of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, did knowingly possess, in and affecting commerce, a firearm and ammunition, namely, one (1) American Gun Co. by Crescent Firearms Co. model Knickerbocker, 12-gauge double barrel shotgun, bearing serial number 70486, and ten (10) WIN USA 5.56MM caliber rounds of ammunition labeled "••WIN USA• 5.56MM" on the headstamp, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8).

   b. On October 11, 2023, an undercover law enforcement member (UC) met with Leyland and spoke with her about planning a stag party through Leyland's stag company. The UC asked Leyland if she could acquire narcotics for the stag party, using the code word "party favors." In response, Leyland provided the UC with the defendant's cell phone number.

   c. The UC then contacted the defendant telephonically and on three occasions in October 2023 met with the defendant in the city of Buffalo, New York, and purchased, on one occasion, less than one half of an ounce of cocaine; on another occasion, approximately 6.98 grams of cocaine; and on the third occasion, approximately 6.97 grams of cocaine. On one occasion in October 2023, the defendant did not arrive for a scheduled transaction with the UC. Accordingly, the UC contacted co-defendant Leyland and then shortly thereafter the

3

       defendant arrived and completed the transaction with the UC. The UC also purchased less than one half of an ounce of cocaine from Leyland during this same time frame in the city of Buffalo, New York. All the cocaine purchased by the UC was tested by the Erie County Central Police Services Forensic Laboratory which confirmed its chemical structure and weight.

d.   On October 30, 2023, law enforcement conducted a federal search warrant on the defendant's vehicle and apartment, located at 30 Euclid Place, Upper Front, Buffalo, New York. There, law enforcement recovered one (1) American Gun Co. by Crescent Firearms Co. model Knickerbocker, 12-gauge double barrel shotgun, bearing serial number 70486; one (1) fully assembled Polymer 80 9mm handgun, bearing no serial number; three (3) Polymer 80 9mm handgun lower receivers, bearing no serial numbers; two (2) Polymer 80 5.56 AR-style lower receivers, bearing no serial numbers; ten (10) WIN USA 5.56MM caliber rounds of ammunition labeled "••WIN USA• 5.56MM"; thousands of rounds of ammunition in various calibers, including 9mm and 5.56; multiple high-capacity AR-style magazines; military-grade body armor; assorted firearms parts, including those necessary to render the aforementioned Polymer 80 handgun and AR-style lower receivers complete; 2.72 grams of cocaine; and $2,791.00 in United States Currency. The cocaine was tested by the Niagara County Sheriff's Office Forensic Laboratory which confirmed its chemical structure and weight.

e.   The defendant admits that the $2,791.00 of recovered United States Currency is the proceeds of cocaine trafficking. At approximately $75 per one (1) gram of cocaine, the recovered currency is the equivalent of approximately 39 grams of cocaine.

f.   The defendant admits that he possessed the cocaine described in ¶ 4d with the intent to distribute it, and that he possessed the firearms and ammunition described in ¶ 4d knowing that he regularly and repeatedly used, and was addicted to, marijuana and cocaine, both controlled substances, as defined in 21 U.S.C. Sec. 802.

g.   The above-referenced American Gun Co. by Crescent Firearms Co. model Knickerbocker, 12-gauge double barrel shotgun, bearing serial number 70486, and ten (10) WIN USA 5.56MM caliber rounds of ammunition labeled "••WIN USA• 5.56MM," were manufactured outside the state of New York, and, therefore, had previously

4

traveled in and affected interstate commerce. As a result, the defendant's possession of those firearms and ammunition was in and affecting commerce.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(7) apply to the offense of conviction and provide for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two-level increase pursuant to Guidelines § 2K2.1(b)(1)(A) (offense involving three to seven firearms);

   b. the four-level increase pursuant to Guidelines § 2K2.1(b)(4)(B)(ii) (firearm involved in the offense not marked with a serial number); and,

   c. the four-level increase pursuant to Guidelines § 2K2.1(b)(6) (possession of a firearm in connection with another felony offense).

## ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing and Guidelines §§ 3D1.2(c), it is the understanding of the government and the defendant that the combined adjusted offense level for the offenses of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

9.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **19**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **19** and criminal history category of ~~I, and taking into account the applicable statutory minimum penalties~~, the defendant's sentencing range would be a term of

6

imprisonment of **30 to 37 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

8

 c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and,

 d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the complaint pending under Case No. 23-mj-5229 as against the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

23. As a condition of the pleas, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the government and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following items seized on October 30, 2023 from 30 Euclid Place, Buffalo, New York:

**CURRENCY:**

a. Two thousand seven hundred and ninety-one ($2,791.00) dollars of United States currency;

**FIREARMS AND AMMUNITION:**

b. One (1) American Gun Co. by Crescent Firearms Co. model Knickerbocker, 12-gauge double barrel shotgun, bearing serial number 70486;

c. One (1) tan Polymer 80 9mm handgun bearing unknown serial number with black slide;

d. Approximately ten (10) WIN USA 5.56MM caliber rounds of ammunition labeled "••WIN USA• 5.56MM" on the headstamp;

e. Approximately twenty-eight (28) rounds of .40 caliber ammunition;

f. Approximately twenty (20) rounds of 9mm ammunition;

g. Approximately sixty-four (64) rounds of 5.56 ammunition;

h. Approximately ten (10) rounds of 9mm ammunition;

i. Approximately fifty-four (54) rounds of 9mm ammunition;

j. Approximately thirteen (13) rounds of .40 caliber ammunition;

k. Approximately fifteen (15) rounds of 5.56 ammunition; and

l.  Approximately four (4) ammunition cases containing approximately one thousand, eight hundred and nineteen (1,819) of 9mm cartridges and approximately one hundred twenty-seven (127) of 5.56 cartridges.

**FIREARM PARTS AND RELATED EQUIPMENT:**

m.  One (1) AR-15 Butt Stock;

n.  Assorted gun parts;

o.  Approximately two (2) AR-15 upper receivers with bolt carrier and charging handle;

p.  One (1) Polymer 80 AR-15 lower with mold;

q.  Approximately five (5) 5.56 30 round magazines;

r.  Approximately three (3) pistol slides;

s.  Approximately three (3) Polymer 8 pistol lowers;

t.  Approximately three (3) ten round .40 caliber magazines;

u.  One (1) ten round pistol magazine;

v.  One (1) black magazine;

w.  One (1) tan magazine;

x.  One (1) gun mold containing Polymer 80 lower; and

y.  One (1) black body armor vest.

24. The defendant represents he is the owner and/or exercised dominion and control of the Firearms and Ammunition listed above and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

25. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary

Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

26. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding and agrees not to file any additional petitions or claims. The defendant

further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim or petition to the property listed above, the defendant will assist the government in litigating such claim.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the Firearms and Ammunition and Firearm Parts and Related Equipment.

29. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearms, and ammunition survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant

to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

30. The defendant agrees that for any reason, in any pleadings before the Court and orders issued by the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

31.   This plea agreement represents the total agreement between the defendant, ANDREW CLEMENTS a/k/a Tiger, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
LOUIS A. TESTANI
Assistant United States Attorney

Dated: Septemeber 10, 2024

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Paul M. Michalek, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ANDREW CLEMENTS
a/k/a Tiger
Defendant

_____
PAUL M. MICHALEK, JR., ESQ.
Attorney for the Defendant

Dated: September 10, 2024

Dated: September 10, 2024

16